# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH JAMES LAUR, #M26722, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00407-JPG |
| ) | |
| JEFFERSON COUNTY JUSTICE ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Laur, a detainee at Jefferson County Justice Center ("Jail") located in Mt. Vernon, Illinois, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains of unsanitary living conditions at the Jail. (Doc. 1). For forty-five days in 2017, Plaintiff was housed in segregation beside a seriously mentally ill inmate who defecated and urinated on the floor of his cell. (Doc. 1, pp. 1-4). Plaintiff repeatedly requested clean-up of the mess or cleaning supplies to use for this purpose, but the staff disregarded his complaints. (*Id*.). He seeks money damages for the resulting deprivation of his constitutional rights. (*Id*. at p. 1).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

Based on the allegations summarized above, the Court finds it convenient to designate a single Count in the *pro se* action:

> **Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement at Jefferson County Justice Center for forty-five days in 2017 by forcing him to live near an inmate who urinated and defecated on the floor and by disregarding Plaintiff's requests to clean the area or provide him with supplies for this purpose.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A. Plaintiff names the Jefferson County Justice Center ("Jail") as the only defendant. However, he does not mention the defendant in the statement of his claim, and the Jail is not a "person" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). It is not even a legal entity.

A defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). When determining whether an entity has this capacity, federal courts look to state law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). Under Illinois law, a county jail is not considered a suable entity. *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Jefferson County Justice Center shall thus be dismissed with prejudice.

Even if Plaintiff intended to name Jefferson County instead, the Complaint would still fail to state a claim for relief. Governmental entities can only be held liable for the unconstitutional acts of employees that are carried out pursuant to an official policy or custom. *Monell v. Dep't of*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Soc. Servs.*, 436 U.S. 658, 694 (1978). The Complaint mentions no policy or custom that resulted in the constitutional deprivation at issue. *See id.*; *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2). Any claims against Jefferson County should be considered dismissed without prejudice.

Although Plaintiff refers to certain individuals in the statement of his claim or exhibits, he chose not to name them as defendants in the case caption of the Complaint. When parties are not listed in the case caption, this Court will not treat them as defendants. Any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption").

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). In other words, to survive screening, Plaintiff must identify particular defendants who acted or failed to act in a way that caused a deprivation of his constitutional rights. Having failed to do so, the Complaint shall be dismissed.

Plaintiff will have an opportunity to re-plead his claim, if he wishes to proceed with this action. When preparing his First Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth sufficient allegations to describe what each defendant did, or failed to do, to violate his constitutional rights. To avoid dismissal of this action with prejudice, he must also follow the instructions and deadline in the below disposition. *See* FED. R. CIV. P. 41.

## Disposition

**IT IS ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **JEFFERSON COUNTY JUSTICE CENTER** is **DISMISSED** with prejudice from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 10, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-000407-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/12/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
