# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH JAMES LAUR, #M26722, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00407-JPG ) |
| JEFFERSON COUNTY JUSTICE CENTER, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Laur filed this action pursuant 42 U.S.C. § 1983 for unconstitutional conditions of confinement at Jefferson County Justice Center. (Doc. 1). The Complaint did not survive screening pursuant to 28 U.S.C. § 1915A and was dismissed without prejudice on June 12, 2019. (Doc. 7). Plaintiff was granted leave to file a First Amended Complaint on or before July 10, 2019. (*Id.* at p. 4). However, he was warned that the action would be dismissed with prejudice, if he failed to file an amended complaint by the deadline. *Id*. He was also warned that the dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff missed the deadline for filing the First Amended Complaint. At least a week has passed since the deadline expired. He has not requested an extension.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 7) to file a First Amended Complaint and/or to prosecute his claims. *See* Fed. R. Civ. P. 41(b). The dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

1

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint (Doc. 7) and prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as a "strike" within the meaning of Section 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 7/29/2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**